CIRCUIT COURT OF THE CITY OF RICHMOND

Mary A. Gantt

v.

Clinton R. Gantt

June 3, 1982

Case No. G-6905-1

By JUDGE JAMES EDWARD SHEFFIELD

This case is before the Court upon the motion of Mary A. Gantt (plaintiff) to compel discovery of Clinton R. Gantt (defendant), and the Court's decision follows.

The plaintiff filed a Bill of Complaint for a final decree of divorce on the grounds of adultery or in the alternative a bed and board decree on the grounds of desertion as of February 19, 1981, to be later merged into a final decree of divorce at the end of the statutory period. The defendant filed an Answer denying the alleged desertion, but neither admitted or denied the allegation pertaining to adultery and called for strict proof thereof. Defendant, subsequently filed a Cross-Bill alleging constructive desertion and reasonable apprehension of bodily harm on the part of the plaintiff.

Subsequently, plaintiff filed two sets of Interrogatories to the defendant. Interrogatory Number Three in the second set asked, in pertinent part, the following: "State whether or not you admit to committing adultery." The defendant answered, "I refuse to admit to committing adultery." The plaintiff then filed a Motion To Compel Discovery which requested the

Court to order the defendant to answer Interrogatory Number Three in the second set of Interrogatories. The Defendant filed a "Response To Plaintiff's Motion To Compel Discovery" stating that the question had been fully answered and stating further that to require him to admit to adultery would violate the Fifth Amendment right against self-incrimination as guaranteed under the Fifth Amendment to the Constitution of the United States and made applicable to State proceedings by the Fourteenth Amendment of the Constitution of the United States.

On brief, the defendant, through his counsel, has taken the position that his Answer to Interrogatory Number Three constituted a "no-answer or its equivalent," and the defendant is bound by that position. Based upon this position taken by the defendant, the Court construes his answer as being a negative answer and therefore no constitutional issues are raised here. Since the defendant has answered the Interrogatory in the negative, the plaintiff's Motion To Compel Discovery is denied.